16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Rodney W. JOHNSON, Appellant.
 No. 93-2742.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 29, 1993.
Filed: January 10, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Rodney Johnson appeals his 17-month sentence imposed by the district court[1] upon revocation of his supervised release. We affirm.
 
 
 2
 Johnson was charged with knowingly distributing cocaine or cocaine base within 1,000 feet of an elementary school, in violation of 21 U.S.C. Secs. 841(a)(1) and 845(a) (1990) and 18 U.S.C. Sec. 2 (1990). Johnson pleaded guilty, and was sentenced to 33 months imprisonment consecutive to his state imprisonment and six years supervised release. Johnson was placed on supervised release in December 1992. In March 1993, Johnson's supervising officer filed with the court a petition for revocation alleging several violations of supervised release. First, Johnson failed to report to the probation office on March 12, 1993, as directed even after calling the office forty-five minutes before his appointment and being instructed to report. Second, he did not inform the probation office of a change in residence. Third, Johnson's urinalysis test results from February 26, 1993, reflected positives for cocaine and cannabinoid metabolites. Fourth, Johnson never had a drug and alcohol evaluation as directed. Fifth, Johnson failed to report for scheduled urinalysis tests. Amended petitions filed in June additionally alleged that Johnson left his specified geographic location without the knowledge or written permission of his probation officer and was arrested in Tennessee; he failed to report to the probation office in April and May 1993; and he failed to report for more scheduled urinalysis collections.
 
 
 3
 At the revocation hearing, Johnson testified he understood the court was required to consider any Sentencing Commission Policy Statements that would apply to his case, but the court could depart from them. The court adopted the facts and conclusions of the violation report and work sheet as follows: a violation grade C, a criminal history category of V, and a sentencing range of 7 to 13 months imprisonment. Johnson requested the court to assign him to an intense, structured rehabilitation program. Considering the factors set out in 18 U.S.C. Secs. 3553 and 3583, the court revoked Johnson's supervised release, sentenced him to 17 months imprisonment, and recommended the Bureau of Prisons place him only in a facility capable of providing intensive treatment for drug abuse. The court stated that it was departing upward because Johnson was in dire need of intensive drug treatment in a highly structured environment, and Johnson was still young enough to turn his life around if placed in such an environment.
 
 
 4
 On appeal, Johnson argues that the district court failed to reasonably apply the factors set forth in 18 U.S.C. Sec. 3553 and imposed a sentence greater than necessary. We reject these arguments.
 
 
 5
 Section 3583(e)(3) provides that upon finding by a preponderance of the evidence that a person such as Brown violated a condition of supervised release and after considering certain factors set forth in section 3553, the court may revoke supervised release and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, except that the "person ... may not be required to serve more than 3 years in prison." The factors the court must consider include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to afford adequate deterrence for criminal conduct, to protect the public from the defendant's further crimes, and to provide the defendant with needed educational training, medical care, or other correctional treatment in the most effective manner; the Guideline sentencing range; pertinent Guideline policy statements; and the need to avoid unwarranted sentencing disparities. 18 U.S.C. Secs. 3553(a)(1), (a)(2)(B), (C) & (D), (a)(4), (a)(5), (a)(6), and 3583(e).
 
 
 6
 Here, Johnson testified he understood he was subject to a three-year maximum sentence, he asked the court to place him in a highly structured drug program, and he pleaded guilty to seven violations of his conditions of supervised release. The court specifically found Johnson was in dire need of highly structured drug treatment, he was incapable of abiding by the law without such treatment, and he had failed at supervised release shortly after it commenced. The court gave specific reasons for its four-month upward departure from the guideline range which are supported by the record and did not go above the statutory maximum. We conclude the district court did not abuse its discretion. See United States v. Graves, 914 F.2d 159, 161 (8th Cir. 1990) (per curiam).
 
 
 7
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable William G. Cambridge, United States District Judge for the District of Nebraska