United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 97-1534MN

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * On Appeal from the United |
| v. | * States District Court |
| | * for the District of |
| | * Minnesota. |
| Kelly Jo Thornell, | * |
| | * |
| Appellant. | * |

_____

Submitted: October 24, 1997

Filed: November 6, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, LOKEN and HANSEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Chief Judge.

Kelly Jo Thornell appeals the fourteen-month sentence imposed by the District Court[1] on revocation of her supervised release. Ms. Thornell claims that it was unreasonable for the District Court to sentence her to a term in excess of the range indicated by the Sentencing Commission's policy statements on account of the need, perceived by the District Court, for intensive and continuous drug treatment. We hold

_____

[1]The Hon. Richard H. Kyle, United States District Judge for the District of Minnesota.

that the action of the sentencing court was neither unreasonable nor an abuse of discretion, and we therefore affirm.

Appellant was convicted on her plea of guilty to distribution of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B). The District Court, departing downward, sentenced her to 30 months in prison. She served the sentence and began a four-year term of supervised release.

In late 1996, the United States Probation Office submitted to the District Court a petition requesting that Ms. Thornell's supervised release be revoked, and that she be returned to prison. Numerous violations of the terms of her supervised release were alleged, including testing positive for cocaine on several occasions. Ms. Thornell has admitted these violations. After missing one scheduled appearance before the District Court, she appeared for a revocation hearing. Ms. Thornell asked to be placed in a half-way house for a term of four and one-half months. The non-binding policy statements issued by the United States Sentencing Commission, as applied to this case, would call for a term of three to nine months. The District Court imposed a term of 14 months' imprisonment, to be served in a federal correctional institution. It recognized that it was departing upward from the policy statements, and that it was rejecting defendant's half-way-house proposition, and gave the following reasons for this action:

> I have already determined that she has violated the terms of her supervised release. I am going to do something here that you are not going to like. I will start out with that so we won't have any surprises. You don't have to wait with bated breath. You have got a problem and you have been, as far as I can tell, I will say incapable of dealing with it. I don't say that in terms of passing judgment that you were a bad person, but until you get this problem solved or under

control you won't be a fit mother and you will be right back here again. We have gone through it from the beginning in this case. You were shipped off to the intensive confinement program. You didn't survive that. You came back here and you tested positive for cocaine from the outset. You were supposed to be down in my court here a week ago and you didn't make that appearance. I'm assuming you are not doing this deliberately, trying to run counter to the Court's wishes, but that you have a problem that you are unable to control.

And tough as it is, and I think it is tough, I am going to take the position that we have got to get that problem solved or I think the foster parent issue pales by comparison, because they're not going to give you these children back if you continue to have this problem. The only hope you have of maintaining any relationship with your children is to get yourself into a program which is going to take longer than four or six months and it's not going to be done around here.

So it is the judgment of this Court that you be sentenced to the custody of the Bureau of Prisons for a period of 14 months, and at the conclusion of the 14 months there will be no further supervised release. The court will terminate further supervised release.

It's the Court's recommendation that you be enrolled in what I have had described for me as the 500-hour drug treatment program, which program is available either at the federal facility in Alderson, [West] Virginia or the federal facility at Lexington, Kentucky. And it's the Court's recommendation that you be sent to either one of those two facilities.

It's further the Court's recommendation that there be an expedited transfer coordinated by the probation office

and the U.S. Marshal's Office so that this program can begin as soon as possible.

As I say, Ms. Thornell, this is not a decision that I take lightly. I recognize it has all kinds of problems with it, but I think that it is time in your life to give it a shot, give it a sufficient amount of time where you're not going to have any distractions, where you are not going to be able to walk away from the program.

Sentencing transcript 7-9.

On appeal, defendant contends that it was unreasonable and an abuse of discretion for the District Court to consider her need for drug treatment. We see nothing unreasonable about the District Court's action, which appears to us to have been judicious and carefully tailored to the needs of this particular case and this particular offender. The District Court is authorized by statute to consider, among other factors, the defendant's history and characteristics and her need for education, medical care, or other correctional treatment. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(D). That is what the Court did here. It was not convinced that defendant would receive the treatment she needed at a half-way house, given defendant's history of failure in both inpatient and outpatient treatment programs after her release from prison. In addition, the Court believed that the best chance that defendant had of retaining her parental rights and being reunited with her children lay in the intensive residential treatment program that would be available from the Bureau of Prisons.

We have previously upheld a sentencing court's revocation of supervised release, and imposition of a new sentence in excess of the guidelines contained in the policy statements, in virtually identical circumstances. See United States v. Johnson, 16 F.3d 1229 (8th Cir. 1994) (table), 1994 WL 5163 (per curiam). We note, in addition, that

the 14-month sentence imposed was well within the statutory maximum of two years.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.