United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-2574

_____

United States of America,            *
                                     *
          Appellee,                  *
                                     *   Appeal from the United States
     v.                              *   District Court for the
                                     *   District of Nebraska.
Robert S. Hermanson,                 *
                                     *      [UNPUBLISHED]
          Appellant.                 *

_____

Submitted: November 28, 1997.
Filed: December 8, 1997

_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

After Robert S. Hermanson pleaded guilty to transporting stolen property in interstate commerce, in violation of 18 U.S.C. § 2314, the district court[1] sentenced him to 21 months imprisonment and three years supervised release; Hermanson's period of supervised release commenced in February 1996. Hermanson subsequently admitted in open court that he had violated his supervised release conditions by, inter alia, failing to refrain from possessing and using alcohol; nevertheless, at the March 24, 1997 dispositional hearing, the court continued Hermanson's supervision, cautioning him that

_____

[1]The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska.

he could be imprisoned if he were again to violate his supervised release conditions. The district court subsequently received information that Hermanson had again violated his supervised release conditions, and at the ensuing revocation hearing, Hermanson admitted--and the court found--that he had again used alcohol. Although Hermanson had a recommended Guidelines imprisonment range of 3 to 9 months under U.S. Sentencing Guidelines Manual § 7B1.4(a), p.s. (1995), the court revoked Hermanson's supervised release and sentenced him to 24 months imprisonment, with a recommendation to the Bureau of Prisons that Hermanson receive intensive treatment for alcohol abuse as Hermanson required "long-term, intensive treatment for alcohol abuse in a highly structured environment." Hermanson now challenges his sentence, and we affirm.

We first note that Hermanson's sentence does not exceed the maximum authorized under the revocation statute, see 18 U.S.C. §§ 3583(e)(3); 3559(a)(3); 2314, and that the district court was not bound to impose a term of imprisonment within the range recommended under Chapter 7 of the Guidelines, see United States v. Carr, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam) (because Chapter 7 of Guidelines serves nonbinding, advisory role, the "district court is free to depart from Chapter 7's suggested sentences when, in its considered discretion, such a departure is warranted"). Given the court's desire to afford Hermanson a serious opportunity for alcohol treatment, we cannot say the court abused its discretion in imposing the revocation sentence it did. See 18 U.S.C. § 3583(e) (requiring consideration of factors set forth in, inter alia, 18 U.S.C. § 3553(a)(1) and (a)(2)(D)); 18 U.S.C. § 3553(a)(1) (court shall consider history and characteristics of defendant); 18 U.S.C. § 3553(a)(2)(D) (need to provide defendant with necessary medical care or other correctional treatment in most effective manner is factor for consideration); United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995) (standard of review); United States v. Thornell, No. 97-1534, 1997 WL 693050, at *1-2 (8th Cir. Nov. 6, 1997) (14-month sentence imposed upon revocation of defendant's supervised release when suggested Guidelines imprisonment range was 3 to 9 months was neither unreasonable nor abuse of discretion, because district court

properly determined halfway house was insufficient for defendant who required intensive and continuous drug treatment).

Finally, we reject Hermanson's contention that the district court failed to consider applicable policy statements, as the hearing transcript clearly demonstrates the court did so.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-