**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4313

VANCE LEONARD HOLMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., District Judge.
(CR-94-52)

Submitted: December 22, 1998

Decided: January 14, 1999

Before MURNAGHAN, WILKINS, and NIEMEYER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Benjamin H. White, Jr.,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Vance Leonard Holman appeals from the twenty-four-month sentence imposed by the district court after a hearing to revoke Holman's term of supervised release. On appeal, he contends that the district court erred in departing upward from the revocation guideline range of three to nine months to twenty-four months so that Holman could receive substance abuse treatment. Finding no error, we affirm.

Holman pled guilty and was convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). Although Holman's sentencing guideline range was sixty to seventy-one months, the district court departed downward based on Holman's substantial assistance to the government. The district court sentenced Holman to serve thirty months in prison and five years of supervised release. Among the standard conditions of supervision imposed on Holman were the requirements that he "not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances" and that he "permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer."

Holman's supervised release began in May 1996. On March 5, 1998, the probation officer petitioned the court for a warrant and for the revocation of Holman's term of supervision. In the petition, the probation officer reported that Holman tested positive for cocaine based on sweat patch tests on December 22, 1997, January 20, 1998, and February 2, 1998. Also, from September 1997 through February 1998, Holman refused to provide to the probation officer his address of residence and would not allow the probation officer to visit with him. The probation officer noted that this constituted a grade C violation and carried a sentencing range of three to nine months imprisonment, with a statutory maximum of three years.

2

Following a hearing, the district court found that Holman did violate the terms of his release. After noting that Holman's original sentence was the result of a downward departure from a range of sixty to seventy-one months, the court revoked Holman's supervised release, departed upward from his three to nine month range, and sentenced Holman to twenty-four months imprisonment:"The court finds that, since you were the recipient of a downward departure when you were originally sentenced, that it is appropriate to depart upward in this case from the three-to-nine month range to 24 months in order that you may be designated for a facility where intensive substance abuse treatment can be taken advantage of." The court explained its departure: "[y]ou were using cocaine, according to the results of the sweat patch test. For that reason, I feel that you are in need of further rehabilitation and the participation in substance abuse treatment programs." On appeal, Holman contends that the district court erred by departing upward from the guideline range for the impermissible reason that Holman was in need of substance abuse treatment.

The district court did not err by considering Holman's need for rehabilitation. The statute governing the imposition and revocation of supervised release expressly authorizes consideration of a defendant's need for rehabilitation. See 18 U.S.C.A.§ 3583 (West 1985 & Supp. 1998). Section 3583(e) directs the court to consider the factors set forth in 18 U.S.C.A. § 3553(a) (West 1985 & Supp. 1998), which include the defendant's need for "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C.A. § 3553(a)(2)(D). Thus, the express language of§ 3583 allows the district court to consider Holman's need for rehabilitation in revoking supervised release and determining the length of imprisonment. See United States v. Thornell, 128 F.3d 687, 688 (8th Cir. 1997); United States v. Jackson, 70 F.3d 874, 880 (6th Cir. 1995); United States v. Giddings, 37 F.3d 1091, 1097 (5th Cir. 1994); United States v. Anderson, 15 F.3d 278, 282-83 (2d Cir. 1994). We note that Holman's sentence was well within the statutory maximum of three years. See 18 U.S.C.A. § 3583(e)(3).

Accordingly, we affirm the district court's order revoking supervised release and imposing a twenty-four-month sentence. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4