# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3422

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Michael James Vore, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 3, 2000
Filed: May 9, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

After Michael James Vore pleaded guilty to conspiring to distribute and possessing with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1), the District Court[1] sentenced him to 26 months imprisonment and five years supervised release. Vore's period of supervised release commenced in February 1995.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

Although Vore admitted in August 1998 that he had tested positive for crack cocaine many times during his supervised release, the District Court continued the term of supervision so that Vore could enter an inpatient drug treatment program. At an August 1999 hearing, Vore admitted that he had again tested positive for drug use. The Court revoked Vore's supervised release, sentenced him to 18 months imprisonment without further supervised release, and recommended that the Bureau of Prisons allow Vore to participate in a 500-hour intensive drug treatment program. The Court noted that it was imposing a sentence that exceeded the 4-to-10-month prison term recommended by U.S. Sentencing Guidelines Manual § 7B1.4, p.s. (1998), so that Vore could participate in the program. Vore challenges his prison term, and we affirm.

After a thorough review of the record, we conclude that the District Court did not abuse its discretion in sentencing Vore to 18 months imprisonment. See 18 U.S.C. §§ 3583(e)(3), 3559(a)(2) (1994 & Supp. IV 1998); 21 U.S.C. §§ 841(a)(1), 846 (1994 & Supp. IV 1998); United States v. Shaw, 180 F.3d 920, 922 (8th Cir. 1999) (per curiam) (because Chapter 7 serves non-binding, advisory role, "a revocation sentence exceeding the suggested range is . . . not an 'upward departure' because there is no binding guideline from which to depart"); United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995) (standard of review). Contrary to Vore's argument, we believe that the sentence was warranted under the factors set forth in 18 U.S.C. § 3553(a) (1994 & Supp. IV 1998), particularly section 3553(a)(2)(D). See United States v. Thornell, 128 F.3d 687, 688-89 (8th Cir. 1997) (14-month sentence imposed upon revocation of defendant's supervised release was neither unreasonable nor abuse of discretion, because district court properly determined other forms of supervision were insufficient for defendant who needed intensive and continuous drug treatment). We also reject Vore's argument that the sentence was "excessive" in light of his family circumstances. Cf. U.S. Sentencing Guidelines Manual § 5H1.6, p.s. (1998) (family ties and responsibilities are not ordinarily relevant to determining whether sentence should be outside applicable Guidelines range). Accordingly, we affirm.

A true copy.

   Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.