UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CARSON NORWOOD SUTTON,
*Defendant-Appellant.*

No. 01-4130

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-94-18-BR)

Submitted: August 14, 2001

Decided: September 17, 2001

Before NIEMEYER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, James A. Candelmo, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Carson Norwood Sutton appeals the revocation of his supervised release and the imposition of a twenty-four-month prison sentence. Finding no error, we affirm.

Sutton pled guilty to conspiracy to distribute cocaine base, 21 U.S.C. § 846 (1994), and possession with intent to distribute cocaine base, 21 U.S.C.A. § 841(a)(1) (West 1999). After serving a thirty-month term of imprisonment, Sutton was released with supervision. Sutton first violated his supervised release by failing two drug tests in September 1999 and was placed in a drug treatment program. He again tested positive in August 2000. Upon motion by his probation officer, the court found Sutton guilty of violating his supervised release, placed him in an intensive drug treatment program, and continued the motion until January 2001. In November 2000, Sutton was arrested for driving while intoxicated and failed to make a timely report of the arrest to his probation officer. Upon a new motion by the probation officer, the court revoked Sutton's supervised release and sentenced him to twenty-four months in prison, the minimum term that would allow him to receive intensive drug counseling.

Sutton claims that the district court improperly considered his need for rehabilitation when it revoked his supervised release and determined the length of his sentence. Because he failed to raise this objection below, we review Sutton's appeal only for plain error. *United States v. Olano*, 507 U.S. 725, 732-37 (1993).

The district court did not plainly err by considering Sutton's need for rehabilitation. The statute governing the imposition and revocation of supervised release expressly permits consideration of a defendant's need for rehabilitation. 18 U.S.C.A. § 3583 (West 1985 & Supp. 1999). Section 3583 directs the court to consider the factors set forth

in 18 U.S.C.A. § 3553(a) (West 1985 & Supp. 1999), which include the defendant's need for "educational or vocational training, medical care, or other correctional training." 18 U.S.C.A. § 3553(a)(2)(D). Thus, the express language of § 3583 allows the district court to consider Sutton's need for rehabilitation in revoking supervised release and determining the length of imprisonment. *See United States v. Brown*, 224 F.3d 1237, 1240 (11th Cir. 2000); *United States v. Thornell*, 128 F.3d 687, 688 (8th Cir. 1997); *United States v. Jackson*, 70 F.3d 874, 880 (6th Cir. 1995); *United States v. Giddings*, 37 F.3d 1091, 1097 (5th Cir. 1994); *United States v. Anderson*, 15 F.3d 278, 282-83 (2d Cir. 1994).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*