**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-4670**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAMONT JAMAL WILLIAMS, a/k/a Lamont James
Stevenson,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (CR-03-26)

───────────

Submitted:  May 19, 2005               Decided:  May 25, 2005

───────────

Before LUTTIG, MOTZ, and GREGORY, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.L.L.C., Wilmington, North
Carolina, for Appellant.  Frank D. Whitney, United States Attorney,
Anne M. Hayes, Assistant United States Attorney, Raleigh, North
Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Lamont Jamal Williams appeals from the district court's order revoking his supervised release and imposing a 24-month sentence. On appeal, Williams contends that the court erred in revoking his sentence and exceeded its discretion in imposing a sentence above the recommended guideline range. Finding no error, we affirm the revocation of Williams' supervised release and the sentence imposed.

Based on Williams' admissions and the evidence presented at the revocation hearing, the district court found that Williams violated the conditions of his supervision. Having so found, the district court was within its discretion in revoking Williams' supervision. See 18 U.S.C.A. § 3583(e)(3) (West Supp. 2004); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992).

Williams challenges the length of the sentence, which exceeded the four-to-ten month range suggested by the Sentencing Guidelines. See U.S. Sentencing Guidelines Manual § 7B1.4(a). This range is not binding on the sentencing court. United States v. Davis, 53 F.3d 638, 640-41 (4th Cir. 1995). Additionally, the guidelines note that a greater sentence may be warranted where, as here, the original sentence was the result of a downward departure. See USSG § 7B1.4, comment. (n.4). Because Williams received a significant downward departure from his original sentence, and he twice previously violated the terms of

his supervision, the district court's decision to impose a sentence above the range suggested in § 7B1.4(a) was reasonable. <u>See</u> <u>Davis</u>, 53 F.3d at 642-43. Additionally, the district court's consideration of Williams' need for substance abuse treatment in determining the length of the sentence imposed on revocation was proper under 18 U.S.C.A. § 3583 (West 2000 & Supp. 2004). <u>See</u> <u>United States v. Thornell</u>, 128 F.3d 687, 699 (8th Cir. 1997).

We, therefore, affirm the district court's order revoking Williams' supervised release and imposing a 24-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>