UNITED STATES of America, Appellee

v.

Vaughn A. KOSH, Appellant.

No. 05–3077.

United States Court of Appeals, District of Columbia Circuit.

May 25, 2006.

John Robert Fisher, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

A.J. Kramer, Federal Public Defender, Neil H. Jaffee, Assistant Federal Public Defender, Washington, DC, for Appellant.

Before: RANDOLPH, TATEL, and GARLAND, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel.

The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. Rule 36(b). It is

**ORDERED** and **ADJUDGED** that the district court's judgment and commitment order, filed April 21, 2005, be affirmed.

On January 5, 2001, defendant Vaughn Kosh pled guilty to one count of unlawful possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 24 months' imprisonment, followed by three years of supervised release. Kosh was released from custody and began serving his term of supervised release on February 14, 2003. On June 13, 2003, Kosh's probation officer informed the court that the defendant had violated the terms of his supervised release by, among other things, repeatedly testing positive for marijuana and failing to report for substance abuse counseling and a urinalysis test. Based on these violations, the district court issued a warrant for the defendant's arrest. Kosh was arrested nearly two years later, on April 8, 2005, and the district court held revocation hearings on April 15 and April 20, 2005. At the second hearing, the court revoked Kosh's supervised release under 18 U.S.C. § 3583(g) and sentenced him to a term of imprisonment of 18 months, followed by an additional year of supervised release.

On appeal, Kosh contends that the district court erred by considering his rehabilitative needs when sentencing him to a term of imprisonment. He argues that 18 U.S.C. § 3582(a) prohibits courts from imposing prison terms as a "means of promoting correction and rehabilitation," and that this prohibition applies to mandatory revocations of supervised release under 18 U.S.C. § 3583(g). Because Kosh failed to raise this argument during the sentencing

hearing, we review the district court's judgment for plain error only. *See United States v. Simpson*, 430 F.3d 1177, 1183 (D.C.Cir.2005). On its face, the language of § 3582(a) does not plainly apply to § 3583(g). Moreover, all six circuits that have addressed the issue have concluded that a sentencing court may consider rehabilitation when imposing a term of imprisonment upon revocation of supervised release. *See United States v. Tsosie*, 376 F.3d 1210 (10th Cir.2004); *United States v. Brown*, 224 F.3d 1237 (11th Cir.2000); *United States v. Thornell*, 128 F.3d 687 (8th Cir.1997); *United States v. Jackson*, 70 F.3d 874 (6th Cir.1995); *United States v. Giddings*, 37 F.3d 1091 (5th Cir.1994); *United States v. Anderson*, 15 F.3d 278 (2d Cir.1994). Accordingly, we can perceive no plain error in the district court's judgment.

■ Kosh also maintains that, even if rehabilitation was an appropriate consideration, it was unreasonable for the district court to sentence him to 18 months in prison. At the revocation hearing, the district court stated that "eighteen months is a substantial period of time for an individual to take advantage of mental health treatment programs and drug treatment programs," that "that is very important for Mr. Kosh's future," and that "that is the reason" for the sentence imposed. Sentencing Hr'g Tr. 11 (Apr. 20, 2005). In light of the record evidence of the defendant's bipolar disorder and long history of drug usage, we cannot say that the district court's determination was unreasonable.

The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* D.C.Cir. R. 41(a)(1).