**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kelvin Neal JACKSON, Defendant–
Appellant.**

**No. 95–5761.**

United States Court of Appeals,
Sixth Circuit.

Submitted Oct. 17, 1995.

Decided Nov. 27, 1995.

Jennifer L. Webber (briefed), Office of U.S. Attorney, Memphis, TN, for Plaintiff-Appellee.

Joseph T. Townsend (briefed), Office of Federal Public Defender, Memphis, TN, for Defendant-Appellant.

Before: MERRITT, Chief Judge; KENNEDY, Circuit Judge; JOINER,* District Judge.

KENNEDY, Circuit Judge.

After defendant Kelvin Neal Jackson was found to be in possession of a controlled substance, the District Court revoked his supervised release, imposed a sixteen month sentence of imprisonment, and required that he participate in an intensive drug treatment program while incarcerated. Defendant now appeals, arguing that the District Court did not have the authority to order him to participate in a drug treatment program during his imprisonment, and that the District Court improperly considered his need for drug rehabilitation in determining the length of his sentence. For the following reasons, we RE-MAND so that the District Court may amend its order to recommend, not mandate, defendant's participation in a drug treatment

---

* The Honorable Charles W. Joiner, United States District Judge for the District of Eastern District of Michigan, sitting by designation.

program while incarcerated, and AFFIRM the sixteen month term of imprisonment.

## I.

On August 16, 1990, defendant was sentenced to three years probation after pleading guilty to passing a United States Treasury check bearing a forged endorsement in violation of 18 U.S.C. § 510, a class C felony under 18 U.S.C. § 3559(a)(3). In April 1993, because defendant was using drugs, his probation was revoked and he was sentenced to six months imprisonment to be followed by three years of supervised release. Defendant began this three year term of supervised release on September 23, 1993. Conditions of his supervised release included that he participate in drug counseling and refrain from cocaine use. Defendant, however, failed to complete any drug treatment program and tested positive for cocaine during this period of supervised release.

The United States Attorney subsequently filed a petition alleging that defendant had violated the conditions of his supervised release. Following defendant's initial appearance on this petition on September 6, 1994, he was released on bond with the requirement that he report as directed by the probation office. On November 8, 1994, defendant surrendered to his probation officer, indicating that because of continued drug use and criminal behavior, he considered himself a danger to himself and the community. Subsequently, defendant's bond was revoked.

■ On May 19, 1995, the District Court revoked defendant's supervised release under 18 U.S.C. § 3583(g), which mandates termination of supervised release when defendant is found to be in possession of a controlled substance,[1] and imposed a sentence of sixteen months with the requirement that defendant participate in an intensive drug treatment program while in custody.

In arriving at the term of sixteen months, the District Court first considered the policy statements of USSG § 7B1.4, which recommend a sentence between three and nine

months for the conduct that violated defendant's supervised release. By this time, however, defendant had already served approximately six months. The District Court expressed concern that if defendant were sentenced to a term of nine months he would only be incarcerated an additional three months, a period not long enough to insure his completion of a prison drug treatment program.

In determining the length of defendant's sentence, the District Court also considered a number of other factors, including defendant's past violations of supervised release, his drug and alcohol addictions and failure to participate in drug programs, his admissions to engaging in property crimes in order to support his addiction, and his inability to control his behavior through medication prescribed for his mental illness. As a result, the court sentenced defendant to sixteen months.

Defendant now appeals, arguing that the District Court lacked authority to order him to participate in a drug treatment program during his period of imprisonment, and that the District Court improperly considered his need for drug rehabilitation in setting the length of his sentence.

## II.

■ Although statute and federal regulations do not squarely address whether it is within the sentencing court's authority to order a defendant's participation in a drug rehabilitation program, they do indicate that it is solely within the authority of the Federal Bureau of Prisons ("Bureau") to select those prisoners who will be best served by participation in such programs. Congress authorized the Bureau to provide substance abuse treatment for those prisoners who, according to its determination, have a treatable condition of substance addiction or abuse. 18 U.S.C. § 3621(b) (providing that "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the

---

1. The use of drugs constitutes "possession" for purposes of Section 3583(g). *United States v.*

*Hancox,* 49 F.3d 223, 224–25 (6th Cir.1995).

Bureau determines has a treatable condition of substance addiction or abuse").

■ Furthermore, under the federal regulations, the Bureau has broad authority to manage the enrollment of prisoners in drug abuse treatment programs. *See* 28 C.F.R. § 550.53 (providing that upon interviewing a new inmate and reviewing his records, the Bureau's drug abuse treatment staff will make an appropriate drug treatment referral); 28 C.F.R. § 550.56(b) (allowing the drug abuse treatment coordinator to decide whether an inmate is placed in a residential drug abuse treatment program); 28 C.F.R. § 550.56(d)(2) (giving the drug abuse treatment coordinator the authority to remove an inmate from a program if the inmate behaves disruptively). *See also United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 1354–55, 117 L.Ed.2d 593 (1992) (stating that "[a]fter a district court sentences a federal offender, the Attorney General, through [the Bureau], has the responsibility for administering the sentence"). Therefore, we conclude that it was beyond the District Court's authority to order defendant's participation in a drug treatment program while incarcerated.

■ Even though a district court does not have the authority to order a defendant's participation in a prison drug rehabilitation program, it may recommend that a prisoner receive drug rehabilitation treatment while incarcerated. *See* 28 C.F.R. § 550.54(a)(1)(iii). In fact, those inmates who are sentenced or returned to custody as a violator after September 30, 1991, and who the sentencing judge has recommended par-

ticipate in a drug abuse education course, must participate in such a program. *See id.* Therefore, it was within the District Court's discretion to recommend that defendant participate in a drug rehabilitation program while incarcerated.

Accordingly, we remand so that the District Court may amend its order to recommend rather than mandate defendant's participation in a drug treatment program.

### III.

■ The defendant also argues that the District Court improperly considered his need for drug rehabilitation in determining the length of his sentence. We will affirm a district court's sentence of imprisonment upon mandatory revocation of supervised release provided that the district court considered the applicable policy statements,[2] the sentence is within the range prescribed by statute, and the sentence is not plainly unreasonable. *See* 18 U.S.C. § 3742(a), (e)(4); 18 U.S.C. § 3583(e)(3), (g); *United States v. West*, 59 F.3d 32, 35 (6th Cir.1995), *cert. denied*, — U.S. ——, 116 S.Ct. 486, 133 L.Ed.2d 413 (1995); *United States v. Anderson*, 15 F.3d 278, 284 (2d Cir.1994).

■ First, it is clear that the District Court did in fact consider the applicable nonbinding policy statements[3] in setting the length of defendant's term of imprisonment.

■ Second, the District Court sentenced defendant within the statutorily prescribed range. Section 3583(g) of Title 18 of the United States Code provides that upon revo-

---

**2.** Although Sections 3583(e) and 3553(4)(B) together provide that upon *permissive* revocation of supervised release, the sentencing judge will consider the applicable policy statements, nothing in the statutory provisions governing *mandatory* revocation of supervised release suggests that the district court must consider the applicable policy statements when it sentences a defendant. The Fifth Circuit has rejected the distinction between permissive and mandatory revocation of supervised release in determining the appropriate revocation sentence under Chapter 7 of the Sentencing Guidelines. *United States v. Mathena*, 23 F.3d 87, 92 (5th Cir.1994). We too see no reason for a distinction between permissive and mandatory revocation of supervised release in terms of

whether a district court must consider the applicable policy statements in arriving at a sentence. A district court imposing a sentence upon mandatory revocation of supervised release should consider the applicable policy statements.

**3.** The Sentencing Commission has issued only policy statements, not sentencing guidelines, for supervised release violations. These policy statements are not binding upon sentencing judges and need only be considered, not followed, by the district court when it sentences supervised release violators. *United States v. West*, 59 F.3d 32, 35–36 (6th Cir.1995), *cert. denied*, — U.S. ——, 116 S.Ct. 486, 133 L.Ed.2d 413 (1995).

cation of supervised release, the court cannot require the defendant to serve more than the term authorized by Section 3583(e)(3). Section 3583(e)(3) provides that upon revoking supervised release a court may

> require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court ... finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case.

In this case, defendant had been sentenced to three years of supervised release. However, since defendant's original offense constituted a class C felony, the District Court could have imposed no more than two years imprisonment. Under the version of Section 3583(g) effective on the date the court revoked defendant's supervised release and sentenced him to sixteen months imprisonment, the statute did not require the District Court to impose a minimum sentence.[4] Therefore, the statutory scheme permitted the District Court to impose any sentence up to a maximum of two years. Defendant's sentence of sixteen months falls within the statutory range.

▪ Finally, in the absence of binding sentencing guidelines, a district court's sentence not only must reflect consideration of the policy statements and fall within the stat-utory range, but also must not be plainly unreasonable. We conclude that the District Court's sentence is not plainly unreasonable. The sixteen month imprisonment term reflects the need to protect the public from further crimes of the defendant, the need to protect defendant from himself, and the need to facilitate defendant's participation in an intensive drug rehabilitation program. *See* 18 U.S.C. § 3553(a)(2)(C), (D). In light of defendant's past violations of supervised release, continuing drug use, crimes against property, and his apparent drug addiction, a sixteen month term of imprisonment is not unreasonable. Furthermore, it is likely that a longer term of imprisonment will insure that defendant has the opportunity to receive intensive drug rehabilitation while not posing a threat to himself or the public. *See United States v. Giddings,* 37 F.3d 1091, 1094 n. 7, 1096 (5th Cir.1994) (upholding the imposition of a sentence of two years, which the District Court imposed on the basis that a drug rehabilitation program would be more readily available with a longer sentence), *cert. denied,* — U.S. ——, 115 S.Ct. 1323, 131 L.Ed.2d 203 (1995).

▪ Defendant argues that the District Court erred when it considered his rehabilitative needs in sentencing him to sixteen months.[5] Whether a district court may properly consider a defendant's rehabilitative needs in sentencing upon mandatory revocation of supervised release is a question of first impression in this circuit.

▪ For purposes of initial sentencing, a court may not consider rehabilitative goals in considering whether to impose a sentence of imprisonment. 18 U.S.C. § 3582(a); 28 U.S.C. § 994(k). However, it may consider rehabilitative goals in determining where to sentence a defendant within a particular

---

**4.** Before September 13, 1994, Section 3583(g) required a court mandatorily revoking supervised release to impose a term of imprisonment not less than one-third of the term of supervised release. Even though defendant's original offense occurred prior to the date of effectiveness of the new version of Section 3583(g), for purposes of this analysis, we have assumed defendant is entitled to the benefit of the later, more lenient statute.

**5.** In the case of a mandatory revocation of supervised release as required here, the district court is required to impose a sentence of imprisonment. 18 U.S.C. § 3583(g). Therefore, the District Court in this case considered rehabilitative goals only in determining the length of defendant's sentence, not in determining whether to impose a sentence.

guideline range.[6] 18 U.S.C. § 3553(a). *See also Giddings,* 37 F.3d at 1096; *United States v. Duran,* 37 F.3d 557, 561 n. 3 (9th Cir.1994).

Other courts have held that a sentencing judge may consider rehabilitation needs in determining where to sentence a defendant within a particular statutory range. For example, in *Anderson,* the court acknowledged that a sentencing court may consider medical and correctional needs in determining the length of an initial sentence, and may require a person whose supervised release has been permissively revoked to serve in prison all or part of the period of the supervised release. *Anderson,* 15 F.3d at 282. *See also* 18 U.S.C. § 3583(e)(3). The *Anderson* court concluded that the statute contemplates that rehabilitative needs will bear on the length of incarceration following permissive revocation of supervised release. *Id.* In fact, upon permissive revocation of supervised release, Section 3583(e) directs the court to impose a sentence of imprisonment after considering certain factors listed in Section 3553, including the defendant's medical and correctional needs. *See* 18 U.S.C. 3553(a)(2)(D).

In *Giddings,* the court addressed whether a court may properly consider a defendant's rehabilitative needs when it sentences him after mandatorily revoking supervised release. *Giddings,* 37 F.3d at 1094–97. In that case, the court reasoned that because a court revoking supervised release merely converts all or part of a period of supervised release to imprisonment, consideration of rehabilitative goals is consistent with the purpose of the original sentence and, therefore, is not improper. *Id.* at 1096–97.

■ Since *Giddings,* however, Congress has amended Section 3583(g). While the version of Section 3583(g) effective at the time the district court sentenced the *Giddings* defendant required the court to sentence a supervised releasee found in possession of controlled substances to at least one-third of the term of supervised release, *see id.* at 1096, the current version imposes no minimum term of imprisonment.

■ Furthermore, Sections 3583(g) and 3583(e)(3) only correlate the maximum term of imprisonment to the original term of supervised release when the maximum term of imprisonment authorized by Section 3583(e)(3) exceeds the original term of supervised release. If that is the case, the maximum term of imprisonment is the full term of supervised release. On the other hand, when the original term of supervised release exceeds the maximum term of imprisonment allowed by Section 3583(e)(3), the maximum sentence is unrelated to the length of the original term of supervised release, for the sentencing court does not have the discretion to sentence the defendant to a term equal to his term of supervised release. *See* 18 U.S.C. § 3583(e)(3), (g). Because under the current statute the sentencing range may be unrelated to the length of the original term of supervised release, we are unable to adopt all of the reasoning in *Giddings.* Nonetheless, we adopt the *Giddings* court's conclusion that a district court may properly consider a defendant's rehabilitative needs in setting the length of imprisonment within the range prescribed by statute.

■ Unlike the statutory provisions governing initial sentencing and sentencing upon permissive revocation of supervised release, the statutory provisions governing mandatory revocation of supervised release neither instruct nor prohibit the sentencing court from considering rehabilitative goals in determining the length of a sentence upon mandatory revocation of supervised release. However, we can identify no reason that a court sentencing a defendant upon mandatory revocation of supervised release should not be able to consider rehabilitative goals in arriving at the length of a sentence while a court imposing either an initial sentence or a sentence upon permissive revocation of supervised release may properly consider that need.

Therefore, we hold that the District Court properly considered the defendant's rehabili-

---

6. Although it is difficult to see a distinction between the imposition of a sentence of imprisonment and the length of imprisonment, the statu-

tory scheme does suggest that rehabilitative needs are relevant to the determination of the length of a sentence.

tative needs in arriving at the length of his sentence.

## IV.

Accordingly, we affirm the District Court's imposition of the sixteen month sentence, but remand so that the District Court may amend its order to recommend rather than mandate defendant's participation in a drug rehabilitation program while he is incarcerated.