101 F.3d 703
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vincent C. KELLER, Defendant-Appellant.
 No. 96-3145.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1996.
 
 1
 Before: NELSON and DAUGHTREY, Circuit Judges; COHN, District Judge.*
 
 ORDER
 
 2
 Vincent Charles Keller appeals a district court order revoking his supervised release and imposing sentence. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Keller pleaded guilty to conspiracy to distribute more than 10 grams of LSD and possession thereof with intent to distribute it, a violation of 21 U.S.C. § 846. The district court sentenced him to 13 months' imprisonment and five years of supervised release.
 
 
 4
 The supervised release was subject to the conditions that Keller refrain from excessive use of alcohol and that he not purchase, possess, use, distribute, or administer any narcotic or other controlled substance. The district court also imposed the conditions that Keller enroll in a drug aftercare program and have gainful employment. On Jan. 11, 1996, Keller's probation officer filed a supervised release violation report. The district court conducted a hearing at which Keller admitted violating the terms and conditions of his supervised release. The court revoked Keller's supervised release, as it was required to do, and sentenced him to imprisonment for 36 months. Keller perfected a timely appeal.
 
 
 5
 In his appeal, Keller claims that: 1) in assessing the sentence, the district court failed to consider applicable policy statements in Chapter 7 of the Sentencing Guidelines; and 2) a 36-month sentence is plainly unreasonable.
 
 
 6
 This court will affirm a district court's sentence of imprisonment upon mandatory revocation of supervised release if 1) the district court considered applicable policy statements in the guidelines, 2) the sentence is within the range prescribed by statute, and 3) the sentence is not plainly unreasonable. United States v. Jackson, 70 F.3d 874, 878 (6th Cir.1995). These requirements were clearly met here.
 
 
 7
 As to the applicable policy statements, they were cited in the probation officer's violation report. The issues were fully presented, and in considering the report the court may be presumed to have considered the policy statements. See United States v. Davis, 53 F.3d 638, 642 (4th Cir.1995).
 
 
 8
 As to the sentence being within the statutory range, the district court was authorized to order that Keller serve "all or part of the term of supervised release without credit for time previously served on postrelease supervision...." 18 U.S.C. § 3583(e)(3). Keller's sentence (three years) was well within the statutory limit, the term of supervised release having been five years.
 
 
 9
 As to the reasonableness of the sentence, it is significant that Keller flagrantly violated the conditions of his supervised release. He exhibited "a next to zero level of commitment to [drug] treatment." He rarely showed up for drug counseling sessions, and he was "oppositional and disruptive" when he did show up. In fact, during admission to one drug aftercare program, Keller said, "I want to use marijuana all the time; I don't care what they do to me, I still intend to smoke pot...."
 
 
 10
 The record reflects that Keller tested positive for marijuana use eleven times while on supervised release. The only scheduled times Keller did not test positive were when he did not submit a urine sample or failed to attend counseling altogether. In addition, Keller has twice been arrested for operating a motor vehicle while under the influence of intoxicants. Keller's absolute refusal to comply with the court's conditions demonstrates an utter disregard for the law, his safety, and the safety of others. Against this background, a 36-month sentence is not plainly unreasonable.
 
 
 11
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation