**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4109

JOHN PAUL QUINN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CR-95-81-BR)

Submitted: August 5, 1997

Decided: September 10, 1997

Before HALL, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, J. Benjamin Davis, Third
Year Law Student, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Paul Quinn appeals the revocation of his supervised release and the imposition of a seventeen-month prison sentence. Finding no error, we affirm.

Quinn pled guilty to conspiring to distribute LSD. Quinn first violated his supervised release in early 1995. At the court's direction, Quinn completed a drug treatment program. In late 1996, Quinn violated his supervised release a second time by missing several appointments with his probation officer, testing positive for use of a controlled substance on four occasions, and failing to report to a drug treatment program ordered by the probation officer for an intake assessment. The district court revoked the supervised release and imposed a seventeen-month term of imprisonment. At the revocation hearing, the court provided the following reason for imprisoning Quinn:

> The Court: Well, Mr. Quinn, I'm at the point now that it's not a matter of punishment. . . . Judge Bryan sentenced you in the Eastern District of Virginia and imposed what was punishment. At this point I'm more interested in helping you and treating you. But I don't believe leaving you here to cope with these matters primarily on your own is in your best interest. I fully agree with what [the probation officer] has said, that you need the benefit of the treatment that can be afforded to you in a controlled setting. And it's for that reason that I'm going to follow the recommendations of the probation office.

(J.A. at 24). Quinn claims that the district court improperly considered his need for rehabilitation when it revoked supervised release and determined the length of imprisonment. Because he failed to

2

object below, we review Quinn's appeal only for plain error. <u>See United States v. Olano</u>, 507 U.S. 725, 732-37 (1993).

The district court did not plainly err by considering Quinn's need for rehabilitation. The statute governing the imposition and revocation of supervised release expressly permits consideration of a defendant's need for rehabilitation. 18 U.S.C.A. § 3583 (West 1985 & Supp. 1997). Section 3583(e) directs the court to consider the factors set forth in 18 U.S.C.A. § 3553(a) (West 1985 & Supp. 1997), which include the defendant's need for "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C.A. § 3553(a)(2)(D). Thus, the express language of § 3583 allows the district court to consider Quinn's need for rehabilitation in revoking supervised release and determining the length of imprisonment. <u>See United States v. Jackson</u>, 70 F.3d 874, 880 (6th Cir. 1995); <u>United States v. Giddings</u>, 37 F.3d 1091, 1097 (5th Cir. 1994); <u>United States v. Anderson</u>, 15 F.3d 278, 282-83 (2d Cir. 1994).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3