**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 99-4523

JOSEPH DEVON BARRETT, a/k/a Junior,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
James C. Fox, District Judge.
(CR-96-35)

Submitted: February 29, 2000

Decided: March 21, 2000

Before LUTTIG and MOTZ, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edwin C. Walker, Acting Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joseph Devon Barrett appeals the district court's order revoking his term of supervised release and imposing a new period of imprisonment. Barrett was serving a five year term of supervised release subsequent to completing a thirty-six month sentence for armed bank robbery. See 18 U.S.C. § 2113(d) (1994). After Barrett admitted two violations of the conditions of his supervised release in the form of cocaine use, the district court sentenced Barrett to twelve months in prison. In this appeal, Barrett contends that the district court erred by considering his potential for rehabilitation in violation of 18 U.S.C.A. § 3582(g) (West 1985), in revoking his supervised release and imposing the twelve month sentence. Finding no abuse of discretion on the part of the district court, we affirm.

This court reviews the district court's order imposing a term of imprisonment for an abuse of discretion. See United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). An abuse of the district court's discretion occurs when the court fails or refuses to exercise its discretion or when the court's exercise of discretion is flawed by an erroneous legal or factual premise. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). Barrett contends that the district court's exercise of its discretion was flawed by an erroneous legal premise. He argues that a defendant's potential for rehabilitation is not among the factors that a court appropriately may consider in imposing a term of imprisonment upon the revocation of a term of supervised release.

It is true that, for the purposes of initial sentencing, a court may not consider rehabilitative goals in deciding whether to impose a sentence of imprisonment, see 18 U.S.C.A. § 3582(a); 28 U.S.C.A. § 994(k) (West 1993); United States v. Jackson, 70 F.3d 874, 879 (6th Cir. 1995).

2

Nevertheless, the statute governing the imposition and revocation of supervised release expressly permits consideration of a defendant's need for rehabilitation. 18 U.S.C.A. § 3583 (West 1985 & Supp. 1999). Section 3583(e) directs the court to consider the factors set forth in 18 U.S.C.A. § 3553(a) (West 1985 & Supp. 1999), which include the defendant's need for "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C.A. § 3553(a)(2)(D). Thus, the express language of § 3583 allows the district court to consider Barrett's need for drug treatment in revoking his supervised release and determining the length of imprisonment. See United States v. Thornell, 128 F.3d 687, 688 (8th Cir. 1997); Jackson, 70 F.3d at 880; United States v. Giddings, 37 F.3d 1091, 1097 (5th Cir. 1994); United States v. Anderson , 15 F.3d 278, 282-83 (2d Cir. 1994).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3