**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                                    No. 00-4721

CAROLYN SUE LOUK,
              *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Irene M. Keeley, Chief District Judge.
(CR-98-6)

Submitted: June 21, 2001

Decided: June 29, 2001

Before WIDENER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

G. Patrick Stanton, Jr., STANTON & STANTON, Fairmont, West
Virginia, for Appellant. Melvin W. Kahle, Jr., United States Attorney,
Sherry L. Muncy, Assistant United States Attorney, Elkins, West Vir-
ginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Carolyn Sue Louk appeals from the district court's order order
revoking her probation and imposing a two-year sentence. On appeal,
Louk contends that the district court abused its discretion by imposing
a two-year sentence based on the court's evaluation of her need for
mental health and drug treatment without the testimony of an expert.
She also contends that counsel rendered ineffective assistance during
the revocation hearing. We affirm.

Upon finding a probation violation, the district court may revoke
probation and resentence the defendant to any sentence permitted for
the original offense. 18 U.S.C.A. § 3565(a) (West 2000); *United
States v. Schaefer*, 120 F.3d 505, 507 (4th Cir. 1997). In determining
a defendant's sentence, the court is authorized to consider the defen-
dant's medical and correctional needs. 18 U.S.C.A. § 3553(a)(2)(D)
(West 2000); *United States v. Jackson*, 70 F.3d 874, 880 (6th Cir.
1995). Based on the court's involvement and knowledge of Louk's
case, the court expressed concern that Louk was in need of a full men-
tal health evaluation and treatment, "so that . . . her pattern upon
release will not be destructive and put her back in the cycle." (JA at
9). We find that the district court was within its discretion to reject
the sentence suggested by the guidelines and impose a statutorily-
authorized sentence of twenty-four months in order to provide for
Louk's need of treatment. *See United States v. Davis*, 53 F.3d 638,
642-43 (4th Cir. 1995).

Louk contends that counsel was ineffective for failing to subpoena
witnesses to challenge the validity of the conviction upon which
Louk's revocation was based, for informing the court that the convic-
tion was valid, and for stating that she did not believe Louk was a
good candidate for supervision. Claims of ineffective assistance of
counsel must be raised in the district court in a motion under 28

U.S.C.A. § 2255 (West Supp. 2000), unless the record on direct appeal conclusively establishes ineffective assistance. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). The record here does not clearly show such ineffective assistance. Accordingly, this claim entitles Louk to no relief.

In conclusion, we affirm the district court's order revoking Louk's probation and imposing a two-year sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*