**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Edward W. COMPTON, Defendant–
Appellant.**

**No. 01–5768.**

United States Court of Appeals,
Sixth Circuit.

Sept. 20, 2002.

Before GUY, SILER, and BATCHELDER, Circuit Judges.

## ORDER

This is an appeal from a criminal judgment and commitment order in which the only issues presented are addressed to the application of the sentencing guidelines. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Edward Compton was convicted after his guilty plea to one count of driving under the influence of alcohol on federal property after three prior convictions, in violation of 18 U.S.C. § 13 and Ky. Rev. St. § 189A.010(1)(a) & (5)(d). The district court sentenced Compton to a twenty-four month term of imprisonment with a three year period of supervised release and this appeal followed.

There is no underlying factual dispute concerning the facts leading to Compton's conviction nor does Compton take issue with any specific sentencing finding. On February 10, 2001, Compton was arrested on the military post at Fort Knox, Kentucky, for driving while intoxicated ("DUI"), driving with a suspended license, failing to obey a traffic control device, possessing an open alcoholic beverage container, and entering onto a military reservation after having received a letter barring him from the post. Compton was on supervised release from a previous conviction for DUI on the Fort Knox reservation (at the time, his third offense for DUI) when he was arrested for the present offense.

· Compton thereafter admitted to having violated the terms of his supervised release and he pleaded guilty to the DUI charge. The district court accepted Compton's plea and Compton waived the preparation of a pre-sentence report. All parties agreed that, as there was no precise guideline for a "DUI/fourth offense" sentence, the analogous Kentucky penalties (240 days to five years) should be used as the appropriate guideline range. The court entertained arguments and observations from comments as to the appropriate sentence within the agreed upon range. Counsel for Compton began her remarks as follows:

> I understand that for both penalties they have to be served consecutively, and what I see with Mr. Compton is a severe need for some serious alcohol treatment. I know he was in an after care program, but *I think he needs something a little more structured than that. If he is sent to the Bureau of Prisons, they have some programs where they do weekly meetings, but I don't think that they are nearly as effective as, for example, the comprehensive drug treatment program, but that's not available to Mr. Compton unless he gets an extremely long sentence because you have to have at least 24 months,* is what the Bureau of Prisons has told us, before they can even—and that's not a guarantee that you will get in because they have such a long waiting list.

J.A. 31 (emphasis added).

Counsel then requested an eight month sentence for the DUI, J.A. 32, and the government agreed with this recommendation. The district court conferred with the probation officer, then announced a twenty-four month sentence for the DUI conviction. The court explained in open court its reasons for the sentence imposed.

> It is recommended that the defendant be allowed to serve this 24–month custody sentence at a BOP or Bureau of Prisons facility where he can receive treatment for drug and alcohol abuse program.... Therefore, the Court has imposed a sentence which is deemed reasonable and consistent for the pur-

pose of sentencing as set forth in Title 18, United States Code. It is also imposed in the hopes that you will receive drug alcohol treatment which will enable you to come back and be safe on the public highways. The Court observes that you are otherwise a strong, good individual. Your only problem is susceptibility to alcohol and some marijuana usage, and that's caused you great trouble. The Court is fearful if a lesser sentence is imposed and you continue to play around with alcohol and the drugs, you would end up with a long, long prison term arising from manslaughter or some other offense that happened. *It's a sentence which . . . will put you in a position so that you can receive that treatment,* though it's a hard way to get into those programs.

J.A. 36–37.

■ Counsel for Compton assigns two errors on appeal. First, counsel argues that the district court erred in considering rehabilitative goals in making the initial decision to sentence Compton to a term of imprisonment. In addition, counsel asserts that the twenty-four month sentence is plainly unreasonable as being three times the recommendations of the parties and because it was imposed for the supposedly improper purpose of rehabilitating Compton.

The first issue lacks merit. General factors material to the trial court's determination of an appropriate criminal sentence include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a).

While it is the law of this Circuit that a sentencing court may not take rehabilitative goals into account when making the initial decision whether or not to order the defendant to be incarcerated, it is entirely appropriate to take those goals into consideration once the decision has been made to imprison the defendant. *United States v. Jackson,* 70 F.3d 874, 879 (6th Cir.1995). A cursory reading of the present transcript shows that all parties agreed that Compton was going to receive some sentence of incarceration. It was only the length (and location) that was in doubt. In this situation, it cannot be error for the district court to have taken the specific, uncontested fact of Compton's substance abuse problem into account in fashioning a sentence that arguably would cure Compton of his abusive behavior. Indeed, one might argue with some force that Compton's counsel practically invited the district court to sentence Compton to a twenty-four month Bureau of Prisons sentence so that Compton could qualify for the "comprehensive drug treatment program" that wasn't available to Compton "unless he gets an extremely long sentence because you have to have at least 24 months." This assigned error lacks merit.

■ In the same vein, the second claimed error is also meritless. Counsel

labels the twenty-four month sentence as "plainly unreasonable" as that term is used in 18 U.S.C. § 3742(a)(4). The most widely accepted, if not universally articulated, definition of this term may be characterized as "a deferential appellate posture concerning issues of fact and the exercise of discretion." *United States v. Marvin*, 135 F.3d 1129, 1136 (7th Cir.1998). Viewing the present sentence with this sort of deference, it seems plain that the district court was properly concerned for the welfare of both Compton and the general public in fashioning a sentence of incarceration designed to procure appropriate treatment for Compton and to break his cycle of drug related offenses. Compton's counsel had clearly expressed just such a need for treatment for her client, albeit in a different setting and for a shorter period of time. There is no authority for the proposition that a district court's sentencing decision is "plainly unreasonable" merely because, although it is within the range of permissible choices, it nevertheless exceeds the recommendation of the defendant and the government. This claim lacks merit.

Accordingly, the district court's judgment is affirmed.