

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-27-2002

# USA v. Brown

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1028

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Brown" (2002). *2002 Decisions.* Paper 781.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/781

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-1028
_____

UNITED STATES OF AMERICA

v.

JOSE BROWN,

Appellant
_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Criminal No. 90-00371-08)
District Judge:  The Honorable James McGirr Kelly


_____


Submitted Under Third Circuit LAR 34.1(a)
November 1, 2002
BEFORE: NYGAARD and WEIS, Circuit Judges and IRENAS, District Judge.


(Filed November 27, 2002)


_____


OPINION OF THE COURT
_____


IRENAS, Senior District Judge.

Appellant Jose Brown appeals the District Court's order of December 21, 2001 revoking supervised release and sentencing him to 33 months imprisonment.  Brown's attorney has requested permission to withdraw as counsel, stating that the appeal is frivolous.  We will grant the request of counsel to withdraw and will affirm the judgment of the District Court.

On June 20, 1991, Brown was sentenced to 10 years imprisonment and 12 years of supervised release after pleading guilty to conspiracy to distribute heroin in violation of 21 U.S.C.   846 and distribution of heroin near a school in violation of 21 U.S.C.   845a and 18 U.S.C.   2.  Following his release from prison in 1999 Brown violated the terms of his supervised release by failing to report to his probation officer and by using controlled substances without a prescription.  At a hearing on December 19, 2001 the District Court revoked Brown's supervised release and sentenced him to 33 months imprisonment.

Appellant filed a Notice of Appeal on December 28, 2001 and counsel for appellant has requested permission to withdraw under Anders v. California, 386 U.S. 738 (1967).  Under Anders, an attorney who finds an appeal to be frivolous must submit a brief to the court referring to anything that might arguably support such an appeal and must furnish to the appellant a copy of that brief with time allowed to raise any points that the appellant chooses.  386 U.S. at 744.  Counsel in this case has met this requirement

while the Appellant has failed to raise any additional points with the Court.  Therefore, we now have the option to grant counsel's request to withdraw and dismiss the appeal if we find it without merit.

A district court's decision to revoke supervised release is reviewed under an abuse of discretion standard.  United States v. Schwegel, 126 F.3d 551, 555 (3d Cir. 1997); United States v. Hofierka, 83 F.3d 357, 361 (11th Cir. 1996).  The sentence must be within the statutorily imposed range and not plainly unreasonable, and the district court must have considered the appropriate policy issues.  United States v. Jackson, 70 F.3d 874, 878 (6th Cir. 1995).

In this case the sentence imposed was clearly within the range allowed under 18 U.S.C.  3583(e)(3) for a violation of supervised release.  In addition, 18 U.S.C.  3583(g) requires imprisonment when a defendant on supervised release is found in possession of a controlled substance, as was the situation in this case.  The District Court considered the possibility of Brown seeking drug treatment outside of prison but determined that this was not an acceptable option.  (Hr'g Tr. at 14-15.)  There is nothing in the record to indicate that the District Court acted unreasonably.  In fact, the sentence of 33 months was less than the government's recommended sentence of 36 months.

Brown has no basis for an appeal of his sentence and we find that this appeal is frivolous.  Accordingly, we will grant Appellant counsel's request to withdraw and will affirm the sentence imposed by the District Court.  In addition, we find that under 3d Cir. LAR 109.2(b) the issues presented in this appeal lack legal merit for purposes of filing a writ of certiorari with the Supreme Court and that counsel is under no obligation to file such a petition.

_____


TO THE CLERK:

Please file the foregoing opinion.



/s/ Joseph E. Irenas
Senior District Judg