**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Stephen TAYLOR, Defendant–Appellant.**

No. 02–3145.

United States Court of Appeals, Sixth Circuit.

Dec. 13, 2002.

Before BATCHELDER and MOORE, Circuit Judges; and COLLIER, District Judge.*

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

*ORDER*

Stephen L. Taylor appeals a district court judgment that revoked his supervised release and imposed an additional term of imprisonment. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1999, Taylor pleaded guilty to receiving stolen money orders in violation of 18 U.S.C. § 500. He was sentenced to six months of incarceration and three years of supervised release.

In 2001, the district court found that Taylor had violated many of the conditions of his supervised release. Thus, the court sentenced him to time served and fifteen months of supervised release, which included three months of home confinement with electronic monitoring.

The district court revoked Taylor's supervised release again on January 15, 2002, as he had removed his electronic monitor and had left his probation officer a threatening phone message. The court sentenced him to fifteen months of incarceration, with no additional term of supervised release (judgment entered 1/25/02). It is from this judgment that Taylor now appeals.

We review a judgment revoking supervised release for an abuse of discretion. *United States v. Washington*, 147 F.3d 490, 491 (6th Cir.1998). The district court's judgment must be affirmed if it considered the non-binding policy statements in Chapter 7 of the sentencing guidelines and imposed a sentence that was statutorily authorized and not plainly

unreasonable. *See United States v. Jackson,* 70 F.3d 874, 878 & n. 3 (6th Cir.1995). In addition, Taylor must show that the court committed plain error that affects his substantial rights, as he did not raise his current claims at the revocation hearing. *See United States v. Koeberlein,* 161 F.3d 946, 949 (6th Cir.1998).

Taylor does not dispute the district court's finding that he violated the conditions of his supervised release by removing his electronic monitor and threatening his probation officer. Nevertheless, we note that revocation is generally appropriate when a defendant commits a Grade C violation following a prior violation. *See* USSG § 7B1.3, p.s., comment. (n.1) (2001).

Taylor argues that the district court did not give adequate consideration to the recommended guideline range. However, the court indicated that an upward departure from the recommended range was warranted because Taylor had received lenient treatment in the past and because he was not amenable to supervision. Moreover, the guidelines indicate that an upward departure was warranted, as Taylor's initial sentence for receiving stolen money orders involved a downward departure from the otherwise applicable guideline range. *See* USSG § 7B1.4, p.s., comment. (n.4) (2001). Thus, we conclude that it was not unreasonable for the court to impose a fifteen-month sentence here, even though it exceeded the recommended guideline range. *See Washington,* 147 F.3d at 491–92; *Jackson,* 70 F.3d at 879.

Taylor also argues that his sentence was not supported by the factors that are listed in 18 U.S.C. § 3553(a). However, the district court plainly considered the seriousness of the offense and the need to promote respect for the law, as prescribed by § 3553(a)(2)(A). The court's finding that Taylor was not amenable to supervision also indicates that it considered the need to deter criminal conduct, to protect the public, and to provide the most effective corrective treatment, as prescribed by § 3553(a)(2)(B)-(D). In this regard, we note that the court found that imposition of the statutory maximum was not necessary, even though a twenty-four month sentence was authorized by 18 U.S.C. § 3583(e)(3). Therefore, the court adequately considered the factors in § 3553(a), when it revoked Taylor's supervised release. *See Washington,* 147 F.3d at 491; *Jackson,* 70 F.3d at 879.

Accordingly, the district court's judgment is affirmed.