**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert SCHOOK, Defendant–Appellant.**

**No. 01–1518.**

United States Court of Appeals, Sixth Circuit.

Jan. 3, 2003.

Before KEITH, KRUPANSKY, and CLAY, Circuit Judges.

CLAY, Circuit Judge.

Defendant, Robert Schook, appeals from the judgment of conviction and sentence entered by the district court on March 26, 2001, following Defendant's guilty-plea conviction to violating two conditions of his supervised release, for which Defendant was sentenced to twenty-four months of imprisonment.

On appeal, Defendant argues that the sentence imposed by the district court was plainly unreasonable, and that this Court

should therefore vacate his sentence and remand the case for resentencing. For the reasons set forth below, we **AFFIRM** Defendant's sentence.

### STATEMENT OF FACTS

On April 19, 1997, a judgment of conviction and sentence was entered against Defendant in the United States District Court for the Western District of Michigan following Defendant's guilty-plea conviction for one count of possession with intent to distribute marijuana in violation of 12 U.S.C. § 841(a)(1), for which Defendant was sentenced to a term of thirty-three months' imprisonment to be followed by three years of supervised release. Defendant began serving his term of supervised release on September 10, 1999, and the case was transferred to the Eastern District of Michigan on March 7, 2000.

The district court issued a summons ordering Defendant to appear for a hearing regarding three alleged violations of his supervised release conditions: 1) commission of a crime which was based on a May 28, 2000 domestic assault and battery against Defendant's girlfriend, Andrea Rodriguez; 2) testing positive for cocaine on January 10, 2001; and 3) using alcohol since the latter part of 1999. (J.A. at 22–23.) The domestic relations charge was based on a May 28, 2000 arrest of Defendant by the City of Pontiac Police Department in response to a call from Rodriguez who reported that Defendant had come home drunk, argued with her, cut a rear tire on Rodriguez's car, cut the telephone lines, thrown a caller I.D. box at Rodriguez, and slapped her on the face before leaving the residence. Defendant admitted that he had argued with Rodriguez and had knocked over the caller I.D. box which had hit Rodriguez in the leg, but he denied being drunk or slapping Rodriguez. Rodriguez later recanted her statements that Defendant had been drunk and had slapped her; the local charges were thereafter dismissed on January 8, 2001. Several days later, Rodriguez filed for and received a personal protection order against Defendant in Oakland County Circuit Court.

The district court held a violation of supervised release hearing on March 26, 2001, at which time defense counsel claimed that Defendant's conduct in connection with the supervised release violations was the result of a regression to drug use following problems in his relationship with Rodriguez, and that Defendant was in therapy now and had since resolved his problems with Rodriguez. In addition, defense counsel noted for the court that Rodriguez was in court with Defendant to support him, that Defendant was actively employed and paying child support, and that he had submitted to a number of drug screens since January of 2001, all of which produced negative results. Defense counsel therefore requested that the court adjourn the matter for thirty to ninety days to monitor Defendant's recovery process.

District Judge Bernard A. Friedman denied defense counsel's request to adjourn the matter, and sentenced Defendant to twenty-four months' imprisonment. In doing so, Judge Friedman departed from the five to eleven months policy range delineated in the guidelines, opining as follows:

> In this matter, the Court has had an opportunity to review this file. He has never done that well on supervised release. Supervised release, instead of being in prison, is the second phase of the rehabilitation process. He has not done what he is suppose [sic] to do in the rehabilitation process. He has not been rehabilitated as far as the Court is concerned. He needs a little more straightening out I think more than anything.

Even the other, just the use of the cocaine, the use of alcohol, everything he's not supposed to do, and whether the first allegation is true or not, I assume that he's not conforming today, so I'm not going to sentence him based on the first one. But it appears that even that had to do with his alcohol problem, and his propensity to not be rehabilitated. I think Probation has gone out of their way in doing some things for him, he just hasn't done it for himself. I have no reason to believe he won't continue to relapse and to continue to violate the terms and conditions of supervised release, and there's no reason to believe that our Probation Department and our society has to spend any more time on him.

It will be the sentence of the Court that pursuant to the Sentencing Reform Act, number one, the Court finds that the guidelines are not applicable in the particular matter. They are only advisatory [sic] and do not apply. The Court believes that the defendant needs more time than that which is provided for in the guidelines or the reason that he needs intense counseling. He needs anger counseling. He needs counseling for his drug problem. He needs counseling for his alcohol problem. If I were to go within the sentencing guideline provisions, he wouldn't get any of those kinds of things.

He will be sentenced to the Bureau of Prisons for a period of two years. He will be taken into custody today.

\*    \*    \*    \*    \*    \*

I think if I put him back on the streets two things are going to happen. Number one, he's going to go out and use drugs. And number two, he might get violent again, and I'm not interested in him doing so. So he will be taken into custody today.... [V]iolence is defi-nitely one of my concerns. But my primary concern is he hasn't followed any of—you know, he continues to use drugs. He continues to use alcohol. He continues to at least have allegations against him.

(J.A. at 34–35.)

The court entered its judgment on March 26, 2001, and it is from that judgment sentencing Defendant to twenty-four months' imprisonment that Defendant now appeals.

## DISCUSSION

"We review a district court's actions in supervised release cases for abuse of discretion." *United States v. Webb*, 30 F.3d 687, 688 (6th Cir.1994) (citing *United States v. Stephenson*, 928 F.2d 728, 731–32 (6th Cir.1991)).

Pursuant to 18 U.S.C. § 3583(g), the district court was required to revoke Defendant's supervised release and sentence him to a term of imprisonment inasmuch as Defendant used a controlled substance. *United States v. Jackson*, 70 F.3d 874, 877 & n. 1 (6th Cir.1995). Under *Jackson*, this Court will affirm a district court's sentence of imprisonment upon revocation of supervised release if the sentence is within the statutory range, the court considered the Sentencing Guidelines' policy statements regarding resentencing for a supervised release violation, and the sentence is not plainly unreasonable. *Id.* at 878.

Here, Defendant's sentence of two years' imprisonment is within the statutory range inasmuch as Defendant was originally convicted of a Class C felony, and under § 3583(e)(3), the statutory maximum for violations of supervised release based on a conviction of a Class C felony is two years. 18 U.S.C. § 3583(e)(3). Therefore, the first requirement under *Jackson* is met. *See Jackson*, 70 F.3d at 878–79.

As to the second requirement under *Jackson*, that the court consider the Sentencing Guidelines' policy statements regarding resentencing for a supervised release violation as set forth in USSG § 7B1.4 as well as the factors set forth in 18 U.S.C. § 3553, Defendant argues that the district court abused its discretion in not meeting this requirement. The policy statements in § 7B1.4 of the guidelines recommend sentencing ranges for various supervised release violations. Although these ranges must be considered when determining a sentence for a violation of supervised release, the ranges are merely advisory. *See United States v. West*, 59 F.3d 32, 33 (6th Cir.1995) ("This Court has consistently held that the policy statements in Chapter 7 [of the guidelines] are merely advisory and that a court need only consider them in rendering a decision for sentence."). Here, the guidelines set forth a range of five to eleven months' imprisonment inasmuch as Defendant was originally convicted of a Class C felony and had a criminal history category of III. USSG § 7B1.4. In sentencing Defendant beyond this range, the district court opined that

> [i]t will be the sentence of the Court that pursuant to the Sentencing Reform Act, number one, the Court finds that the guidelines are not applicable in the particular matter. They are only advisatory [sic] and do not apply. The Court believes that the defendant needs more time than that which is provided for in the guidelines or the reason that he needs intense counseling. He needs anger counseling. He needs counseling for his drug problem. He needs counseling for his alcohol problem. If I were to go within the sentencing guideline provisions, he *wouldn't* get any of those kinds of things.

(J.A. at 34–35.) Therefore, contrary to Defendant's claim, the court did consider the policy guidelines of § 7B1.4.

In addition, the record indicates that the court considered the factors to be considered when imposing sentence as set forth in 18 U.S.C § 3553. As to the factors listed in § 3553–such as the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed (punishment, deterrence, rehabilitation, protection of the public); and the kinds of sentences available–this Court has found that although there is no requirement that the sentencing court engage in a "ritualistic incantation," the court's sentence must reflect consideration of the factors listed in § 3553. *United States v. McClellan*, 164 F.3d 308, 310 (6th Cir.1999). That is, the sentencing court must "provide at least an indication of its reasons for imposing a sentence that exceeded the recommended sentencing range." *Id.*

The record in the matter at hand indicates that Judge Friedman considered Defendant's need for rehabilitation, his violent behavior, and Defendant's lack of respect for the conditions of his supervised release by Defendant's continued prohibited conduct:

> I think if I put him back on the streets two things are going to happen. Number one, he's going to go out and use drugs. And number two, he might get violent again, and I'm not interested in him doing so. So he will be taken into custody today.... [V]iolence is definitely one of my concerns. But my primary concern is he hasn't followed any of—you know, he continues to use drugs. He continues to use alcohol. He continues to at least have allegations against him.

(J.A. at 35.) Thus, contrary to Defendant's claim, the court considered the factors of § 3553 when imposing sentence.

54

*See* 18 U.S.C. § 3553(a)(2)(A), (C), (D); *see also Jackson,* 70 F.3d at 879.

Because the district court considered USSG § 7B1.4 and the factors of 18 U.S.C. § 3553 when imposing sentence within the statutory range, Defendant's sentence was not plainly unreasonable. *See Jackson,* 70 F.3d at 879.

## CONCLUSION

For the above-stated reasons, we **AF-FIRM** Defendant's sentence.