**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Anthony Eric ROBERTS,**
**Defendant–Appellant.**

No. 02–6396.

United States Court of Appeals,
Sixth Circuit.

June 20, 2003.

Before: MARTIN, Chief Judge;
KRUPANSKY and COLE, Circuit Judges.

*ORDER*

Anthony Eric Roberts appeals a district court judgment that revoked his supervised release and imposed an additional term of imprisonment. His attorney has filed a motion to withdraw and a brief indicating that there are no colorable issues to appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Roberts's appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1998, Roberts pleaded guilty to possessing cocaine for intended distribution, a violation of 21 U.S.C. § 841(a)(1). On November 6, 1998, he was sentenced to twenty-seven months of imprisonment and three years of supervised release.

Roberts was charged with violating the conditions of supervised release in 2002, as testing indicated that he had used a controlled substance. The district court re-

voked his supervised release on October 18, 2002, and sentenced him to an additional term of eleven months of incarceration and twelve months of supervised release. It is from this judgment that Roberts now appeals.

We review a decision to revoke supervised release for an abuse of discretion. *United States v. Washington,* 147 F.3d 490, 491 (6th Cir.1998). The district court's judgment must be affirmed if it considered the applicable policy statements in Chapter 7 of the sentencing guidelines and imposed a sentence that was statutorily authorized and not plainly unreasonable. *United States v. Jackson,* 70 F.3d 874, 878 & n. 3 (6th Cir.1995).

Probable cause was found for revoking Roberts's supervised release at a preliminary hearing. A final hearing was held within a reasonable time, at which he was represented by counsel and advised of the charges against him. Nevertheless, Roberts admitted the charged conduct and plainly indicated that it was not in dispute. Under these circumstances, we conclude that the district court did not abuse its discretion by revoking his supervised release. *See* 18 U.S.C. § 3583(g)(1).

At his hearing, Roberts argued that he should be placed in a treatment facility or sentenced at the low end of the guideline range, as he had been initially successful with a treatment program in the past. However, it appears that the cited program was ultimately unavailing and that Roberts failed to attend at least one other program when it was offered to him. Moreover, in the absence of a specific legal error, we lack jurisdiction to review a sentence that falls within the applicable guideline range. *See United States v. Epley,* 52 F.3d 571, 580 (6th Cir.1995).

Roberts did not raise any other legal arguments at his final revocation hearing. Therefore, he has forfeited any other sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996). No such error is apparent here. There is no indication that the district court failed to consider the policy statements in the sentencing guidelines, and the sentence that Roberts received fell within the range that was recommended by USSG § 7B1.4(a). That sentence was authorized by 18 U.S.C. § 3583(e)(3), and it was not plainly unreasonable in light of Roberts's admission that he had tested positive for cocaine on at least three occasions during his term of supervised release. *See Washington,* 147 F.3d at 490–92; *Jackson,* 70 F.3d at 879–81.

Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.