UNITED STATES of America,
Plaintiff–Appellee,

v.

Virgil MITCHELL, Defendant–
Appellant.

No. 02–2334.

United States Court of Appeals,
Sixth Circuit.

July 31, 2003.

Before KENNEDY, GILMAN, and GIBBONS, Circuit Judges.

## ORDER

This is a direct appeal from a district court's decision to revoke a period of supervised release and impose a new custodial sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, Virgil Mitchell was convicted of a drug offense and given a term of imprisonment to be followed by a period of supervised release. Mitchell was serving his supervised release when he was found guilty in 2002 of violating the terms of that release. The district court revoked Mitchell's supervised release and imposed a twelve month term of imprisonment to be served concurrently with an underlying Michigan state court sentence. This appeal followed. Counsel for Mitchell filed a motion to withdraw from this appeal and a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit, and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Mitchell was served with the motion and brief and was invited to respond, although he chose not to do so.

There are no disputed issues of fact in this appeal. Mitchell was convicted in 1994 of attempting to possess with intent to distribute heroin in the Eastern District of New York. Mitchell served out his imposed term of incarceration and moved to Michigan on supervised release in 1999. One of the conditions of Mitchell's release

was that he not commit another local, state or federal crime.

Mitchell was later convicted in Michigan state court of carrying a concealed weapon and he appeared in federal court on a charge of violating the terms of his supervised release. Mitchell admitted to the violation and the district court imposed a four month home confinement requirement without actually revoking Mitchell's release. A new warrant for violation of probation was issued for Mitchell for having violated his home confinement less than two months after it was imposed. This process was interrupted, however, by Mitchell's arrest and conviction in Michigan state court on a felony charge of assault with intent to rob while not armed. Mitchell was given a ten to fifteen-year sentence in state court and then he appeared in federal court on a second warrant for violation of parole.

Mitchell and his counsel appeared in federal court and admitted the obvious, namely, that Mitchell had violated the conditions of his release by committing a state crime and breaking his home confinement. Mitchell affirmed this under oath, and the parties agreed that the suggested guideline range was twelve to eighteen months. The court heard from Mitchell and all counsel and sentenced Mitchell to a new twelve-month term of incarceration to be served concurrently with his Michigan state-court sentence. The court did not impose a new term of supervised release. Mitchell was advised of his right to appeal, and he chose to exercise that right.

Mitchell's counsel moves to withdraw from this appeal. He has submitted a brief in which he sets forth the procedural and factual history of the case. Counsel concludes that, not only did Mitchell receive all the process he was due, but that he also received a remarkably lenient sentence for one who was appearing on his second release violation. Mitchell has not made any representation to the contrary to this court.

A review of the record and law supports counsel's assessment of this appeal. A sentencing court may revoke a term of supervised release and incarcerate the defendant when "the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). The same procedural safeguards applicable to hearings regarding revocation of parole apply to hearings regarding revocation of supervised release. *United States v. Stephenson,* 928 F.2d 728, 732 (6th Cir.1991). Finally, the court must consider the non-binding policy statements in Chapter 7 of the sentencing guidelines. *United States v. Jackson,* 70 F.3d 874, 878 & n. 3 (6th Cir.1995).

This court reviews a revocation of supervised release for an abuse of discretion. *United States v. Washington,* 147 F.3d 490, 491 (6th Cir.1998). Thus, the district court's judgment must be affirmed if it considered the applicable policy statements and imposed a sentence that was statutorily authorized and not plainly unreasonable. *Id.*

A review of the record shows that the district court scrupulously adhered to proper procedure in deciding to order the revocation of Mitchell's supervised release. Mitchell, assisted by counsel, admitted the violations after having ample notice of the charges. The parties agreed that, under Chapter Seven of the guidelines, the suggested guideline range was twelve to eighteen months, and the court sentenced Mitchell to the lowest end of that range. In fact, the practical effect of the district court's order is to permit Mitchell to serve out his punishment for violating his federal

supervised release at the same time he serves out his state sentence. There is no dispute as to the fact of the violation or as to the procedures employed by the district court; it cannot be said that the decision on appeal was an abuse of discretion. The appeal lacks merit.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.