150

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Brian DOANE, Defendant–Appellant.**

No. 03–1299.

United States Court of Appeals,
Sixth Circuit.

Oct. 24, 2003.

Before KENNEDY and GIBBONS, Circuit Judges; and ALDRICH, District Judge.*

*ORDER*

In 1994, Brian Doane pleaded guilty to armed bank robbery and using a firearm during a crime of violence. *See* 18 U.S.C. §§ 2, 924(c), 2113(d). He was sentenced to seventy-three months of imprisonment and five years of supervised release.

In 2003, Doane was charged with violating the terms of his supervised release by ingesting marijuana and alcohol. The district court revoked his supervised release on February 3, 2003, and imposed an additional fourteen months of incarceration to be followed by an additional twelve months of supervised release. Doane's appeal from that judgment has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

oral argument is not needed in this case. Fed. R.App. P. 34(a).

Doane's attorney has filed a motion to withdraw and a brief indicating that there are no colorable issues to appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Doane did not file a timely response to counsel's motion, and an independent examination of the record reveals no issue that would support a viable direct appeal. *See id.*

We review the district court's decision to revoke Doane's supervised release for an abuse of discretion. *See United States v. Crace*, 207 F.3d 833, 835 (6th Cir.2000). The court's judgment must be affirmed if it considered the applicable policy statements in Chapter 7 of the sentencing guidelines and imposed a sentence that was authorized by statute and not plainly unreasonable. *See United States v. Jackson*, 70 F.3d 874, 878 & n. 3 (6th Cir.1995).

█ A revocation hearing was held within a reasonable time of Doane's initial appearance before a magistrate judge, and he was notified of the charges against him. The district court advised him of his rights regarding a full adversarial hearing. Nevertheless, Doane admitted the charged conduct and plainly indicated that it was not in dispute. He was represented by counsel and given an opportunity to present mitigating evidence in his defense. Under these circumstances, we conclude that the district court acted within its discretion by revoking Doane's supervised release. *See* 18 U.S.C. § 3583(g)(1); Fed. R.Crim.P. 32.1(b)(2) (2003).

█ At the hearing, Doane made several equitable arguments for a lenient sentence and for placement in a treatment facility in lieu of incarceration. However, he did not raise any legal arguments regarding his sentence, and he has forfeited any sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). No such error is apparent here.

Doane's sentence was authorized by statute, and there is no indication that the court failed to consider the policy statements in the guidelines or the sentencing factors that are set forth in 18 U.S.C. § 3583. The court did depart upward from the recommended guideline range. However, Doane's sentence was not plainly unreasonable, as he had benefitted from a substantial downward departure when he was originally sentenced and had violated the terms of his supervised release on several occasions. *See* U.S. Sentencing Guidelines Manual § 7B1.4, p.s, comment. (n.4) (2001); *Jackson*, 70 F.3d at 879–80.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.