**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Roy Shannon SPRIGGS, Defendant–
Appellant.**

No. 02–5873.

United States Court of Appeals,
Sixth Circuit.

April 2, 2003.

Before MERRITT and
BATCHELDER, Circuit Judges; and
DUPLANTIER, District Judge.*

* The Honorable Adrian G. Duplantier, United States District Judge for the Eastern District of Louisiana, sitting by designation.

*ORDER*

Roy Shannon Spriggs appeals a district court judgment that revoked his supervised release and imposed an additional term of imprisonment. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1998, Spriggs pleaded guilty to the interstate transportation of stolen motor vehicles, and aiding and abetting the interstate transportation of a stolen motor vehicle and stolen property, violations of 18 U.S.C. §§ 2312 and 2314. On September 2, 1998, he was sentenced to thirty-six months of imprisonment and three years of supervised release.

Spriggs was released from prison in November of 2001. He was subsequently charged with violating the terms of his supervised release by smoking marijuana with other individuals. The district court revoked Spriggs's supervised release on June 26, 2002, and sentenced him to twenty-four months of incarceration, with no additional term of supervised release. It is from this judgment that Spriggs now appeals.

His attorney has filed a motion to withdraw and brief indicating that there are no colorable issues to appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In his response to this motion, Spriggs has moved for the appointment of new counsel on appeal.

We review the district court's revocation of supervised release for an abuse of discretion. *United States v. Washington*, 147 F.3d 490, 491 (6th Cir.1998). The court must consider the policy statements in Chapter 7 of the sentencing guidelines:

however, those policy statements are not binding. *United States v. Jackson*, 70 F.3d 874, 878 & n. 3 (6th Cir.1995). Thus, the district court's judgment must be affirmed if it considered the applicable policy statements and imposed a sentence that was statutorily authorized and not plainly unreasonable. *Id.*

■ An independent review of the record indicates that Spriggs waived his right to a preliminary hearing and that a final revocation hearing was held within a reasonable time. He was represented by counsel and advised of the charges against him. Nevertheless, Spriggs admitted the charged conduct and plainly indicated that it was not in dispute. Under these circumstances, we conclude that the district court did not abuse its discretion by revoking his supervised release. *See* 18 U.S.C. § 3583(g)(1); *United States v. Lowenstein*, 108 F.3d 80, 85–86 (6th Cir.1997).

At the revocation hearing, Spriggs alleged that his underlying sentence had included a term of only two years of supervised release. This claim is refuted by the record which plainly shows that his 1998 sentence included a three-year term of supervised release.

Spriggs's response includes prior correspondence from his attorney, which indicated that he may have committed only a Grade C violation. We review this argument for plain error, as it was not clearly raised at his combined revocation and sentencing hearing. *See United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir. 1996). The district court did not commit plain error because it is undisputed that Spriggs's current violation involved the possession of marijuana and that he had been convicted of at least two other drug offenses in the past. Thus, his current violation involved conduct that was punishable by up to three years of imprisonment under 21 U.S.C. § 844(a), a term that ex-

ceeds one year as prescribed for a Grade B violation under USSG § 7B1.1(a)(2). *See generally United States v. Crace,* 207 F.3d 833, 837–38 (6th Cir.2000).

Spriggs did not raise any other legal arguments at his hearing. Thus, he has forfeited any other sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See Barajas–Nunez,* 91 F.3d at 830. No such error is apparent here.

■ There is no indication that the district court failed to consider the policy statements in the sentencing guidelines. Indeed, the twenty-four month sentence that Spriggs received fell in the middle of the range that was recommended by USSG § 7B1.4(a). This sentence was authorized by 18 U.S.C. § 3583(e)(3), and it was not plainly unreasonable in light of the prosecution's undisputed assertion that Spriggs had tested positive for marijuana on four other occasions during his supervised release and Spriggs's own admission that he would smoke marijuana again if he could obtain it. *See Washington,* 147 F.3d at 491–92; *Jackson,* 70 F.3d at 879–80.

In his response to counsel's motion to withdraw, Spriggs indicates that he may wish to argue that he was denied the effective assistance of counsel during the revocation proceedings. However, this type of claim is not properly raised on direct appeal. *See United States v. Allison,* 59 F.3d 43, 47 (6th Cir.1995).

Accordingly, counsel's motion to withdraw is granted, Spriggs's motion for new counsel is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.