932 F.2d 970
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Thomas Fred RAUSCHENBERG, Defendant-Appellant.
 No. 89-6300.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1991.
 
 1
 Before KRUPANSKY and BOGGS, Circuit Judges, and DUGGAN, District Judge.*
 
 ORDER
 
 2
 Thomas Fred Rauschenberg, a pro se federal prisoner, appeals the district court's order denying his motion to correct an illegal sentence filed pursuant to Fed.R.Crim.P. 35(a). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Pursuant to a plea agreement, Rauschenberg pleaded guilty to count 1 of a superseding indictment charging him with conspiracy to distribute and possession with intent to distribute 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. Sec. 846. Rauschenberg also pleaded guilty to count 2 which charged that on April 5, 1987, he aided and abetted the distribution of 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. Secs. 841(a) and 841(b)(1)(B). He was sentenced to a nonparolable fifteen year term on each count to run concurrently, followed by an eight year term of supervised release on count 2. The court later denied Rauschenberg's motion to vacate his sentence, and this court affirmed the judgment.
 
 
 4
 Thereafter, Rauschenberg filed a motion to correct an illegal sentence under Fed.R.Crim.P. 35(a) alleging that: 1) the district court breached the plea agreement when the sentence imposed exceeded the sentence agreed upon; 2) his sentence should be parolable because he should have been sentenced under the former version of Sec. 841(b); and 3) the district court did not have the statutory authority to impose either a term of special parole or supervised release. The court upheld the sentence imposed, but vacated the supervised release term, finding that a special parole term should have been imposed because Rauschenberg's offense was committed before November 1, 1987 when the supervised release provisions of the Anti-Drug Abuse Act of 1986 (ADAA) went into effect.
 
 
 5
 On appeal, Rauschenberg moves for the appointment of counsel and reasserts claims 2 and 3. Upon review, we affirm in part and vacate in part the district court judgment, and remand for further proceedings. Initially, we consider claim 1 to be abandoned as it was not asserted on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Regarding the nonparolable sentence that was imposed on count 2, we affirm the judgment in part as the new penalty provisions of the ADAA which mandate minimum mandatory nonparolable terms of imprisonment became effective on October 27, 1986, the date the ADAA was enacted, and thus, the provisions are applicable to Rauschenberg's case. See United States v. Blackmon, 914 F.2d 786, 789 (6th Cir.1990).
 
 
 6
 We vacate the judgment in part however, and remand the case to the district court for imposition of an eight year term of supervised release. In Gozlon-Peretz v. United States, 111 S.Ct. 840 (1991), the Court definitively stated that supervised release was the appropriate method of post-confinement monitoring for offenses which were committed during the "gap period" between October 27, 1986 and November 1, 1987, because Sec. 1002 of the ADAA (mandating supervised release for all sentences imposed pursuant to Sec. 841(b)) became effective on October 27, 1986. Consequently, the district court erred in vacating the eight year term of supervised release.
 
 
 7
 Accordingly, the motion for the appointment of counsel is denied, and the district court's judgment is hereby affirmed in part pursuant to Rule 9(b)(5), and vacated and remanded in part for imposition of the eight year term of supervised release pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, U.S. District Judge for the Eastern District of Michigan, sitting by designation