**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas Fred RAUSCHENBERG,**
**Defendant–Appellant.**

No. 03–5905.

United States Court of Appeals,
Sixth Circuit.

March 5, 2004.

Christopher D. Poole, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Thomas Fred Rauschenberg, Ashland, KY, pro se.

Before MARTIN, CLAY, and CUDAHY,* Circuit Judges.

*ORDER*

Thomas Fred Rauschenberg appeals a district court judgment that revoked his supervised release and imposed an additional term of imprisonment. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1987, Rauschenberg pled guilty to aiding and abetting the distribution of at least 500 grams of cocaine and to conspiring to distribute and possess at least 500 grams of cocaine for intended distribution.

*See* 18 U.S.C. § 2; 21 U.S.C. §§ 841(a) *and* 846. On July 31, 1987, he was sentenced to fifteen years of incarceration and eight years of supervised release.

Rauschenberg was released from prison on January 5, 1996. However, a petition to revoke his supervised release was issued because he attempted to pass counterfeit bills in April of 2003. The district court revoked his supervised release on June 19, 2003, and imposed an additional twelve months of incarceration with no additional term of supervised release. It is from this judgment that Rauschenberg now appeals. His attorney has filed a motion to withdraw and a brief indicating that there are no colorable issues to appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In response to counsel's motion, Rauschenberg argues that the district court lacked authority to impose a term of supervised release when he was initially sentenced in July of 1987, because the Sentencing Reform Act did not take effect until November of 1987. However, Rauschenberg was subject to a term of supervised release under the Anti–Drug Abuse Act which took effect in 1986. *See Gozlon–Peretz v. United States*, 498 U.S. 395, 404–10, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991); *United States v. Rauschenberg*, No. 89–6300, 1991 WL 71410, at *1 (6th Cir. May 2, 1991) (unpublished).

The district court must find by a preponderance of the evidence that a defendant has violated the conditions of his supervised release. *United States v. Lowenstein*, 108 F.3d 80, 85 (6th Cir. 1997). We review the revocation of a defendant's supervised release for an abuse of discretion. *Id.* at 85–86. The

---

* The Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit, sitting by designation.

district court's judgment must be affirmed if it considered the policy statements in the sentencing guidelines and imposed a sentence that was authorized by statute and not plainly unreasonable. *United States v. Jackson*, 70 F.3d 874, 878 & n. 3 (6th Cir.1995).

A final hearing was held within a reasonable time, and Rauschenberg was notified of the charges and evidence against him. He was represented by counsel and allowed to present evidence on his own behalf. Rauschenberg admitted the charges and stated that he would "just like to do the rest of my time" in a prison camp. Thus, we conclude that the court acted within its discretion by revoking his supervised release. *See* Fed.R.Crim.P. 32.1(b)(2); *Lowenstein*, 108 F.3d at 86.

At his hearing, Rauschenberg argued only that he should be sentenced to "some term of imprisonment with no further supervised release." Therefore, he has forfeited any other sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). No such error is apparent here.

It is undisputed that a range of twenty-one to twenty-seven months of imprisonment was recommended by the sentencing guidelines. Nevertheless, the district court exercised its discretion and sentenced Rauschenberg to only twelve months of incarceration, with no additional supervised release. This was not plainly unreasonable, and there is no indication that the court failed to consider the policy statements in the guidelines. *See Jackson*, 70 F.3d at 879–81.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.